1

2

3

4

5

6

7

8                             **UNITED STATES DISTRICT COURT**

9                           **EASTERN DISTRICT OF CALIFORNIA**

10

11  DOROTHY JEAN SMALL,                    **1:14-cv-67 BAM**

12              Plaintiff,

13        v.                               **ORDER GRANTING DEFENDANT'S**
                                           **MOTION TO DISMISS**
14

15  CAROLYN W. COLVIN, Commissioner
    of Social Security,

16              Defendant.                 **(Doc. 7)**

17

18

19                                  **INTRODUCTION**

20        Plaintiff, Dorothy Jean Small ("Plaintiff"), filed the instant action on January 16, 2014.

21  (Doc. 1).  Defendant, Commissioner of Social Security ("Defendant"), filed a Motion to Dismiss

22  the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing the complaint is

23  untimely.  (Doc. 7).  Plaintiff filed an opposition.  (Doc. 8).  The matter is currently before the

24  Court on the parties' briefs, which were submitted, without oral argument, to the Honorable

25  Barbara A. McAuliffe, United States Magistrate Judge.[1]

26  ///

27

28  _____
    [1] Both parties consented to the jurisdiction of the magistrate judge. (*See*, Docs. 5 & 6).

                                            1

**FACTS AND PRIOR PROCEEDINGS**

Plaintiff filed an application for benefits under Title II of the Social Security Act on January 5, 2012. (Doc. 7-2 at 4).  The claim was denied on May 2, 2012, upon reconsideration on August 30, 2012, and was also denied after a hearing with Administrative Law Judge ("ALJ") G. Ross Wheatley on June 11, 2013. (Doc. 7-2, pgs. 4 and 13).

On November 7, 2013, the Appeals Council sent Plaintiff a notice of its denial of her appeal and adopted ALJ Wheatley's decision.  The notice also informed Plaintiff that she had sixty days to file a civil action to review the Appeals Council's decision.  (Declaration of Robert Weigel, at ¶3(a); Ex. 2).  The Appeals Council allows five days for mailing (Weigel Dec., Doc. 7-3 at Ex. 2), and the parties agree that Plaintiff had until January 13, 2014, to file her appeal. Plaintiff did not do so.  Instead, on January 3, 2014, Plaintiff requested an extension of time with the Appeals Council to file her civil action. (Weigel Dec. at ¶ 3(b)).  She did not file the appeal in this Court until January 16, 2014, three days after the deadline.   On March 24, 2014, the Appeals Council denied Plaintiff's request for additional time to file a claim. (Weigel Dec. at ¶ 3(b); Doc. 7-4 at Exh. 3.)

**SCOPE OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fails to state a claim upon which relief can be granted." To state a claim for which relief may be granted, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In ruling on a motion to dismiss for failure to state a claim, courts may consider not only the allegations of a complaint, but also the exhibits attached thereto and any concessions made by the plaintiff. *See, Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995) (citing *Cooper v. Bell,* 628 F.2d 1208, 1210 n. 2 (9th Cir.1980)) ("When a plaintiff has attached various exhibits to the

complaint, those exhibits may be considered in determining whether dismissal pursuant to Rule 12(b)(6) was proper without converting the motion to one for summary judgment.").

Here, the Commissioner contends that dismissal is required because Plaintiff failed to file her complaint within the 60–day statute of limitations provided by 42 U.S.C. § 405(g).  Although the statute of limitations defense is usually raised in an answer to a complaint, it may be raised in a motion to dismiss "only when the running of the statute is apparent from the face of the complaint." *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)). "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) (internal citations and quotation marks omitted).  In order to dismiss a claim as untimely on a 12(b)(6) motion, it must "appear[ ] beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id*. at 1207.

## DISCUSSION

### 1.      *Untimely Complaint*

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the

1

2

Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter. 42 U.S.C. § 405(g).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

Section 405(g) and (h) therefore operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner.  *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987).  As the time limit set forth in Title 42 of the United States Code section 405(g) is a condition on the waiver of sovereign immunity, it must be strictly construed. *Bowen*, 476 U.S. at 479; *See, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of Commissioner for untimely filing of one day); *Atherton v. Colvin*, No. CV13-4870-AS, 2014 WL 580167 at *4 (N.D. Cal. Feb. 12, 2104) (dismissing complaint filed four days late); *Davila v. Barnhart*, 225 F.Supp.2d 337 (S.D.N.Y.2002) (granting motion to dismiss complaint filed one day late because "60–day limit is a waiver of sovereign immunity which must be strictly construed").  "The limitations to final decisions and to a sixty day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims." *Anderson v. Astrue*, 2008 WL 4506606 *3 (E.D. Cal. Oct. 7, 2008).

20

### 2.     *Equitable Tolling*

21

22

23

24

25

26

27

28

In the opposition, Plaintiff argues that the appeal should be permitted to proceed under the principles of equitable tolling.  Specifically, counsel argues that Plaintiff had been abandoned by her prior attorney, and had difficulty finding new counsel to represent her.  As soon as Plaintiff's counsel had agreed to represent her, he sent the extension request to the Appeals Council.  He asserts that he, and other attorneys at his firm, have sent in similar requests in hundreds of cases for numerous years and the requests have always been approved.  Counsel states that he did not take it for granted that the request would be granted, however, because of the routine nature of the

request, and the agency's prior practice of finding that these circumstances constitute good cause, the complaint was not filed until January 16, 2014.  (Doc. 8. pgs. 3-6).  The government did not file a reply to the Plaintiff's opposition.

In certain rare circumstances, the doctrine of equitable tolling allows a plaintiff to avoid the statute of limitations.  *Supermail Cargo Inc. v. United States*, 68 F.3d at 1206. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Credit Suisse Sec. (USA) LLC v. Simmonds*, ––– U.S. ––––, 132 S.Ct. 1414, 1419 (2012) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis omitted).  Equitable tolling is only warranted where "litigants are unable to file timely documents as a result of external circumstances beyond their direct control." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)) (alterations and internal quotation marks omitted).

Indeed, section 405(g) has been strictly construed to permit extensions of time only by the Commissioner pursuant to Title 20 of the Code of Federal Regulations sections 404.911 and 416.1411, or by a Court applying traditional equitable tolling principles in cases where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.  *Bowen v. City of New York*, 476 U.S. at 479-82.  "Generally, equitable circumstances that might toll a limitation period involve conduct (by someone other than the claimant) that is misleading or fraudulent." *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988). For example, in *Bowen v. City of New York*, the court applied equitable tolling because plaintiffs were prevented from filing because of "the Government's secretive conduct." *Bowen*, 476 U.S. at 481. Likewise, in *Vernon*, the court reasoned that equitable tolling was appropriate because the plaintiff had allegedly been told by an employee of the Social Security Administration that the

5

deadline would be extended. *Vernon*, 811 F.2d at 1275.  In contrast, in *Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988), the court did not find equitable tolling applicable because the plaintiff was not "unusually disadvantaged in protecting his own interests" despite his being illiterate and unrepresented when he received the letter from the Appeals Council denying his benefits and informing him of his right to file a civil action. *Turner*, 862 F.2d at 709.

Given this standard, Plaintiff has not established that this is a "rare case" that justifies equitable tolling.  Here, there is no evidence presented that Plaintiff was diligent in finding an attorney as she waited until January 3, 2014, to hire current counsel.[2]  Similarly, there is no allegation involving conduct (by someone other than the claimant) that is misleading or fraudulent, or that the government engaged in secretive conduct.  Instead, "a Social Security claimant should not rely on the possibility of an administrative extension of time, but rather must file suit timely to ensure judicial review."  *Stone v Heckler*, 778 F. 2d 645, 648 (11th Cir. 1985); *accord Waller v. Comm'r of Soc. Sec*. 168 Fed. Appx 919, 920-21 (11th Cir. 2006).  Other courts have reached the same conclusion.  *Vasquez v. Colvin*, No. 14-00910-DFM, 2014 WL 5761133 (N.D. Cal. Nov. 5, 2014) (faxing a request for an extension of time one day before deadline does not constitute exceptional circumstances); *Lazerson v. Colvin*, No. 13–2832, 2014 WL 967048, at *5 (N.D.Cal. Mar.6, 2014) (seeking new counsel during 60–day period after denial of reconsideration not deemed to be extraordinary circumstance warranting equitable tolling).

Here, Plaintiff had ten days from January 3, 2014, when the request for extension was filed, until January 13, 2014, to file the instant complaint.  However, a complaint was not filed. These facts do not establish extraordinary circumstances since there were no circumstances warranting equitable tolling.

---

[2] Plaintiff did not submit her own declaration outlining the circumstances surrounding her legal representation or what attempts she made to find legal counsel prior to hiring current counsel.  The outcome in this case would not change even assuming that the representations that Plaintiff's counsel made in his declaration on this topic are true.

When granting a motion to dismiss for failure to state a claim, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. In*c., 911 F.2d 242, 246-47 (9th Cir.1990). In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990).  Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. *Id*. at 296-97.

In this case, Plaintiff does not offer any grounds on which she could further amend the complaint to allege an equitable tolling of the statute of limitations.  Therefore, Defendant's Motion to Dismiss will be GRANTED without leave to amend.

## CONCLUSION

For the forgoing reasons, Defendant's motion to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) is GRANTED. The Clerk of the Court is directed to enter judgment in favor of the Defendant, Carolyn W. Colvin, Commissioner of Social Security and against Plaintiff, Dorothy Jean Small.  The Clerk of the Court is directed to close this case.


IT IS SO ORDERED.

Dated:   **January 15, 2015**             /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

7